IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFLCIO, et al.,<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION, et al.,<br><br>Defendants-Appellants. | No. 25-1291 |

**REPLY IN SUPPORT OF MOTION FOR STAY PENDING APPEAL**

The government defendants filed this motion seeking a stay of the district court's March 20, 2025, order, which enjoins SSA employees who are members of the DOGE team from accessing the agency's information systems. Without access to the SSA's information systems, the SSA DOGE team cannot carry on their critical work to implement "the President's 18-month DOGE agenda" "to improve the quality and efficiency of government-wide software, network infrastructure, and information technology (IT) systems." Exec. Order No. 14,158, §§ 3(b), 4(a), 90 Fed. Reg. 8441, 8441 (Jan. 29, 2025). As demonstrated in the defendants' motion, the

March 20 order is without legal basis and has the practical effect of an injunction, which is immediately appealable.

In their response, plaintiffs contend that the March 20 order is not appealable because, according to them, the order "simply preserves the status quo." Response at 9. But plaintiffs are incorrect. In fact, the March 20 order significantly disrupts the status quo by revoking the SSA DOGE team's access to SSA information systems, requiring the SSA DOGE team to delete information previously obtained from SSA systems, and preventing them from performing time-sensitive and critical work under the President's Executive Order. Because the district court's March 20 order has the practical effect of an injunction, it is appealable as such.

In addition, a stay is warranted because the defendants are likely to prevail on the merits and will otherwise suffer irreparable harm, while plaintiffs cannot show irreparable harm from particular SSA employees having access to their information. As the government noted in its motion and plaintiffs do not dispute, the court's order in this case adopts, in relevant part, the reasoning from an order issued by another court in its District in a related case. The government has appealed the preliminary injunction issued by the court in that case and seeks a stay pending appeal.

2

*See American Federation of Teachers v. Bessent*, No. 25-1282.  All the reasons why a stay should be granted in that case apply with equal force here.  Accordingly, this Court should stay the district court's March 20 order pending appeal.

I.    **The District Court's Order Is Appealable**

Plaintiffs concede that the label given an order does not control its appealability as an injunction under 28 U.S.C. § 1292(a)(1).  Response at 8.  *See United States ex rel. Lutz v. United States*, 853 F.3d 131, 139 (4th Cir. 2017) ("To determine whether an order amounts to an injunction, we first look at the practical effect of the order rather than the label ascribed to it.").  As this Court has instructed, an order having the practical effect of an injunction may be appealed, regardless of its label, if it "may have a serious, perhaps irreparable consequence" and "can only be effectually challenged through immediate appeal."  *Id.*

The district court's March 20 order satisfies these criteria for the reasons set forth in the defendants' motion (at 7-9).  Plaintiffs respond that the order "simply preserves the status quo" pending further proceedings in the district court.  Response at 9.  But, unlike a typical restraining order aimed at preserving the status quo, the March 20 order in this case

3

affirmatively revokes access to SSA systems that had previously been granted to SSA DOGE team members, requires them to delete information previously obtained from SSA systems and to remove any software previously installed on SSA systems, and precludes them from installing any software on SSA systems. The order thus halts the critical work that the SSA DOGE team members had been performing to implement the President's Executive Order, which includes modernizing the SSA's software and information systems to increase efficiency, productivity, and data integrity. *See* Exec. Order No. 14,158, § 4.

Moreover, the SSA's Acting Commissioner has affirmed that "the SSA DOGE team is focusing on key efforts that would adversely impact the agency and public if not timely pursued," including several important initiatives to identify and correct fraud, waste, and abuse in SSA programs. Dkt. 60-1 (¶ 6). He has further explained that "every day that SSA must stop work on [these] key projects risks increased and continued fraud, waste, or abuse in government programs that could have been addressed." *Id.* (¶ 7). Absent immediate appeal of the district court's order, "the President's 18-month DOGE agenda," *see* Exec. Order No. 14,158, §§ 3(b), will be delayed not just days, but weeks, or perhaps longer. Therefore, the

district court's March 20 order "may have a serious, perhaps irreparable consequence" and "can only be effectually challenged through immediate appeal." *Lutz*, 853 F.3d at 139.

## II. A Stay of the District Court's Order Is Warranted

The defendants' motion further demonstrates that a stay is warranted. In their response, plaintiffs first challenge the defendants' motion on procedural grounds. *See* Response at 12-13. As they acknowledge, *id.* at 6, however, the defendants "move[d] first in the district court" for a stay of the district court's order pending appeal, in accordance with Federal Rule of Appellate Procedure 8(a)(1)(A). Plaintiffs cannot point to any procedural deficiency here.

### A. The Government Is Likely to Succeed on the Merits

The government is also likely to succeed on the merits because plaintiffs have failed to establish an injury-in-fact for Article III standing purposes, have failed to identify final agency action that is subject to APA review, and have failed to show any violation of the Privacy Act. In their response, plaintiffs barely respond to these arguments and, in any event, fail to rebut them. *See* Response at 13-16.

First, as set forth in the defendants' motion, plaintiffs cannot satisfy their burden to establish that they have suffered an injury-in-fact for Article III standing purposes.  *See Chambers Med. Techs. of S.C., Inc. v. Bryant*, 52 F.3d 1252, 1265 (4th Cir. 1995) ("The party seeking to establish standing carries the burden of demonstrating these elements.").  Under the Supreme Court's decision in *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424 (2021), an injury-in-fact must be "concrete."  And to be concrete, an injury-in-fact must have a "close relationship" to a "harm traditionally recognized as providing a basis for a lawsuit in American courts."  *Id.* at 417, 424.  In this case, the sole harm relied upon by the district court in concluding that standard was met was plaintiffs' intangible injury to their privacy interests, which the district court deemed sufficiently similar to the harm underlying the common law tort of intrusion upon seclusion.  That conclusion was wrong for the reasons explained in the defendants' motion, which plaintiffs fail to address.

Plaintiffs claim they "have a strong privacy interest in records that would ordinarily be maintained in the seclusion of the home or other private space."  Response at 14.  But plaintiffs do not dispute that they provided their information to the SSA on the understanding that the

information would be routinely used by agency employees and others within and outside the government to perform the types of activities that the DOGE team members plan to undertake. *See* Defendants' Motion for Stay at 15-16. Therefore, they cannot show that disclosure of that information to SSA employees who are DOGE members would "be highly offensive to a reasonable person"—a necessary element of the common law tort of intrusion upon seclusion. Restatement (Second) of Torts § 652B (Am. Law Inst. 1977).

Second, plaintiffs also fail to rebut the lack of any final agency action by the SSA that would be subject to APA review. Plaintiffs argue that there was final agency action because "DOGE team members requested full access to SSA's Enterprise Data Warehouse, and SSA granted that access." Response at 14. To the contrary, the Supreme Court has long made clear that the APA does not authorize "general judicial review of [an agency's] day-to-day operations." *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 899 (1990); *see also City of New York v. U.S. Dep't of Def.*, 913 F.3d 423, 431 (4th Cir. 2019) (observing that courts "are woefully ill-suited … to adjudicate" "'broad programmatic attack[s]'" "asking [the judiciary] to improve an agency's performance or operations"). The SSA's routine grant of access to

its information systems by SSA employees who are members of the DOGE team is precisely the sort of "day-to-day operation" of the agency that is not subject to APA review.

Third, plaintiffs cannot show a violation of the Privacy Act, which expressly authorizes disclosure of agency records to "those officers and employees of the agency … who have a need for the record in the performance of their duties." 5 U.S.C. § 552a(b)(1). As explained in detail by the SSA's Acting Commissioner, the SSA DOGE team members "need" access to SSA information systems to perform their official duties. *See* Dkt. 62-1 (Declaration of Leland Dudek); Dkt. 74-1 (Declaration of Leland Dudek). The record simply does not support plaintiffs' contention that SSA DOGE members have no need to access SSA information systems to perform their job duties.

### B. The Remaining Factors Favor a Stay

The remaining factors—irreparable harm, the balance of harms, and the public interest—likewise favor the requested stay. As discussed above, the government has shown that the district court's March 20 order, despite being temporary, nonetheless threatens irreparable harm to the government and the public, whose interests "merge" in this context, *Nken*

*v. Holder*, 556 U.S. 418, 435 (2009), absent an immediate stay. Although plaintiffs argue that the SSA DOGE team can accomplish their duties "using redacted or anonymized data," Response at 16, as the district court's March 20 order allows, the SSA's Acting Commissioner has explained in detail why such restrictions in fact prevent them from performing their job duties, *see* Dkt. 62-1, Dkt. 74-1.

By contrast, plaintiffs cannot show irreparable harm from the SSA's intra-agency disclosure of information, where employees who view that information are subject to the same confidentiality obligations that apply to other similarly situated agency employees, as other courts addressing similar claims have held. *See* Defendants' Motion at 28 (citing cases).

Moreover, plaintiffs do not seriously contest that, if the government is likely to succeed on the merits of its appeal for any reason, the remaining stay factors are also met. While this Court's review of the district court's discretion in balancing of the harms is deferential, a district court necessarily "abuses its discretion when it … commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018). As explained above, the district court committed errors of law in concluding that plaintiffs have even demonstrated a cognizable harm for purposes of

9

Article III standing, let alone a harm sufficient to demonstrate entitlement to injunctive relief.  And as already explained, the district court also committed errors of law in subjecting the agency actions at issue here to APA review at all, let alone finding a violation of the law that would warrant enjoining important agency actions taken in furtherance of a Presidential policy directive.

## CONCLUSION

For these reasons and those explained in the government's motion, this Court should stay the district court's March 20, 2025, order pending appeal.

Respectfully submitted,

YAAKOV M. ROTH
  *Acting Assistant Attorney General*

ERIC D. MCARTHUR
  *Deputy Assistant Attorney General*

MARK R. FREEMAN
GERARD SINZDAK
JACK STARCHER
JACOB CHRISTENSEN
 *s/ Jacob Christensen*
(202) 514-5048
  *Attorneys, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave., NW*
  *Room 7515*
  *Washington, DC 20530*

MARCH 2025

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion satisfies the type-volume requirements set out in Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,822 words. This motion was prepared using Microsoft Word in Book Antiqua, 14-point font, a proportionally spaced typeface.

*s/ Jacob Christensen*
Jacob Christensen

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2025, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

*s/ Jacob Christensen*
Jacob Christensen